**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (Cincinnati)**

| | | |
|---|---|---|
| **ANGELA MCNAY** | ) | **CASE NO.  1:19-cv-242** |
| | ) | |
| Plaintiff | ) | Judge |
| | ) | |
| vs. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| **BEVERLY HILLS INN LA, LLC** | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Beverly Hills Inn LA, LLC, hereby gives notice that the case of Angela McNay, Plaintiff, v. Beverly Hills Inn LA, LLC, Defendant, Case No. 2019-0187, presently pending in the Brown County, Ohio, Common Pleas Court against it, is hereby removed to this Court to proceed herein according to law.

On March 14, 2019, Plaintiff Angela McNay, through counsel, commenced the stated action in the Common Pleas Court of Brown County, Ohio, praying for judgment against this Defendant.  A copy of that Complaint and Summons is attached hereto.  Defendant was served with the Complaint and Summons on March 22, 2019, thus putting Defendant on notice of the potential federal claims.  Defendant is an Ohio limited liability company with a principle place of business in Brown County, Ohio.

Plaintiff's claims against this Defendant include expressly causes of action for failure to pay minimum wages allegedly in violation of Title 29 U.S.C. § 206, et seq.; and for failure to pay overtime wages allegedly in violation of Title 29 U.S.C. § 207, et seq. (among other claims including under State law).  Any civil case in state court may be removed by the responding party to federal district court, if the plaintiff could have chosen to file there originally.  Title 28 U.S.C. § 1441.  "[T]he scope of removal jurisdiction based on the existence of a federal question" is

"identical to the scope of federal question jurisdiction under [Title 28 U.S.C.] § 1331." *Long v. Bando Mfg. of America*, 201 F.3d 754, 758 (6th Cir. 2000).  Federal question jurisdiction can be established by showing "either that federal law creates the cause of action or that the plaintiff[']s right to relief *necessarily depends on resolution of a substantial question of federal law*." *Thornton v. Southwest Detroit Hospital*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (emphasis added).

As a general rule, a cause of action arises under federal law when issues of federal law appear on the face of the plaintiff's "well-pleaded complaint." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007).  Ordinarily, federal jurisdiction is determined from the complaint leading to removal -- here Plaintiff's Complaint that specifically raises federal law and two causes of action under Federal statutes.  The court is also entitled to look past the Complaint to determine whether the allegations, no matter how the plaintiff casts them, ultimately involve a federal question.  See *Banks v. Alexander,* 294 Fed. Appx. 221, 224 (6th Cir. 2008).

Federal courts with subject matter jurisdiction over a federal question should not abdicate that jurisdiction, other than in "narrowly limited, 'special circumstances,'" that do not apply here. *Zwickler v. Koota*, 389 U.S. 241, 248 (1967); *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 236 (1984). As the Supreme Court again stated, the federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.  The one or the other would be treason to the Constitution." *Cohens v. Virginia*, 5 L.Ed. 257 (1821), quoted in *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989). The "courts of the United States are bound to proceed to judgment and to afford the redress to suitors before them in every case to which their jurisdiction extends.  They cannot abdicate their

2

authority or duty in any case in favor of another jurisdiction." *Chicot County v. Sherwood*, 148 U.S. 529, 534 (1893); *New Orleans Public Service, Inc*., supra.

As a result of Plaintiff's causes of action under and relating to Federal law, said action is wholly of a civil nature and of which this Court has original jurisdiction under Title 28 U.S.C. § 1441(a), Title 28 U.S.C. § 1331, 1332. It is therefore within the removal jurisdiction of this Court. See, e.g., *Fulkerson v. Yaskawa Am., Inc*., S.D. Ohio No. 3:13-cv-130, 2014 U.S. Dist. LEXIS 132227, *1.

Attached hereto is a copy of the Complaint, Summons, and proof of service issued to/on Defendant, which are the entirely of the filing of record in the State case known to this counsel. Defendant Beverly Hills Inn LA, LLC, who is filing this Notice of Removal, is the only Defendant in this case. All pleadings relevant to this removal and the underlying claims are attached.

**THOMAS G. EAGLE CO., L.P.A.**

 */s/ Thomas G. Eagle*
**Thomas G. Eagle** (0034492)
Attorney for Defendant
3400 N. State Route 741
Lebanon, OH 45036
Phone: (937) 743-2545
Fax: (937) 704-9826
Email: eaglelawoffice@cs.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon the Attorneys for Plaintiffs, Melanie S. Bailey/David C. Harman, Burg Simpson Eldredge Hersh Jardine, PC, 312 Walnut St., Suite 2090, Cincinnati, OH 45202, by ordinary U.S. Mail this 2d day of April, 2019.

 */s/ Thomas G. Eagle*
**Thomas G. Eagle (0034492)**