IN THE COURT OF COMMON PLEAS
BROWN COUNTY



ANGELA MCNAY
182 Chestnut St.
Aberdeen, OH 45101

Case No.: 20190187

Judge: _____

PLAINTIFF,

v.

BEVERLY HILLS INN LA, LLC
C/O Anette Mineer, Registered Agent
153 Elm Street
Aberdeen, OH 45101

DEFENDANT.

COMPLAINT AND
JURY DEMAND
(EMPLOYMENT WAGE
AND HOUR CASE)

Plaintiff Angela McNay, by and through counsel, for her Complaint against Defendant alleges as follows:

## INTRODUCTION

1. For nearly a year, Angela McNay worked as a front desk clerk at Beverly Hills Inn LA, LLC ("Beverly Hills Inn"), a motel located in Aberdeen, Ohio.

2. During that time, Ms. McNay frequently was denied minimum wage.

3. Indeed, Beverly Hills Inn, acting by and through its manager, other agents, or employees edited Ms. McNay's hours and/or had Ms. McNay under-report her hours, thereby depriving Ms. McNay on numerous occasions of minimum wage and overtime pay for the hours that she worked.

4. Further, even when Ms. McNay was allowed to record overtime hours, Beverly Hills Inn failed to pay Ms. McNay for the overtime hours she worked.

5. Beverly Hills Inn also occasionally provided Ms. McNay's personal phone number for hotel guests to call when the front desk was closed. Ms. McNay took many of these after-hours calls and would occasionally return to the hotel to help those guests. Beverly Hills Inn, however, prevented Ms. McNay from recording that time and failed to pay Ms. McNay for the time she worked in taking those calls.

6. As a result of Beverly Hills Inn's failure to accurately account the time Ms. McNay worked and to pay Ms. McNay appropriately for all regular and overtime hours worked, Beverly Hills Inn has violated Ohio and Federal law.

## PARTIES

7. Plaintiff Angela McNay is a resident and citizen of Brown County, Ohio.

8. Defendant Beverly Hills Inn is an Ohio limited liability company with its principal office and registered agent located in Brown County, Ohio.

## FACTUAL BACKGROUND

9. Upon information and belief, Angela McNay started working as a desk clerk for Beverly Hills Inn on June 8, 2017.

10. Ms. McNay's job duties for Beverly Hills Inn included answering telephones, receiving the public, and providing customer assistance.

11. Ms. McNay would also perform housekeeping duties for Beverly Hills Inn when necessary.

12. When Beverly Hills Inn hired Ms. McNay, it promised to pay her the rate of $8.15 per hour, which was Ohio's minimum wage at the time.

13. As of January 1, 2018, Ms. McNay's rate of pay increased to $8.30 per hour, corresponding with the increase in Ohio's minimum wage affective that date.

2

14. Upon information and belief, Ms. McNay's last day working for Beverly Hills Inn was June 28, 2018.

15. During her employment at Beverly Hills Inn, Ms. McNay was not properly compensated by Defendant for all time worked, in violation of both federal and state law.

### FIRST CAUSE OF ACTION
FAILURE TO PAY MINIMUM WAGES IN
VIOLATION OF THE FLSA, 29 U.S.C. § 206, ET SEQ.

16. Plaintiff Angela McNay reasserts all of the foregoing allegations as if fully rewritten herein and further alleges as follows.

17. During all relevant times, Ms. McNay was an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

18. Defendant Beverly Hills Inn is an "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

19. During the course of Ms. McNay's employment, Beverly Hills Inn frequently required Ms. McNay to work "off the clock," i.e. without recording the hours she worked into Beverly Hills Inn timekeeping system.

20. Upon information and belief, Beverly Hills Inn also altered Ms. McNay's timesheet in order to reduce the amount of compensation that she received.

21. Beverly Hills Inn promised Ms. McNay that the unrecorded, unpaid time she worked was being calculated as compensatory time.

22. Using compensatory time in lieu of wages violates the FLSA.

23. Despite being told that she was earning compensatory time, Ms. McNay never received any compensation or time off for the hours she worked "off the clock" or otherwise was not paid.

3

24. Therefore, Beverly Hills Inn violated 29 U.S.C. § 206 by not paying Ms. McNay the federal minimum wage for all the hours she worked.

25. Based on the facts noted above, Defendant willfully and recklessly violated the FLSA and Ms. McNay's rights.

26. As a result of Beverly Hills Inn's conduct, Ms. McNay has suffered economic damages in the form of unpaid wages.

**SECOND CAUSE OF ACTION**
FAILURE TO PAY OVERTIME WAGES IN
VIOLATION OF THE FLSA, 29 U.S.C. § 207, ET SEQ.

27. Plaintiff Angela McNay reasserts all of the foregoing allegations as if fully rewritten herein and further alleges as follows.

28. During all relevant times, Ms. McNay was an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

29. Defendant Beverly Hills Inn is an "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

30. During the course of her employment for Beverly Hills Inn, Plaintiff worked and recorded on her timecard working more than 40 hours per week on the following weeks:

    a. July 3, 2017 - July 9, 2017 -- Approximate Hours Recorded 40.35

    b. July 31, 2017 – August 6, 2017 – Approximate Hours Recorded 43.31

    c. August 21, 2017 - August 27, 2017 – Approximate Hours Recorded 41.15

    d. August 28, 2017 – September 3, 2017 – Approximate Hours Recorded 40.3

    e. September 4, 2017 – September 10, 2017 – Approximate Hours Recorded 40.4

    f. November 13, 2017 – November 19, 2017 – Approximate Hours Recorded 43.32

    g. December 25, 2017 – December 31, 2017 – Approximate Hours Recorded 52.37

    h. February 26, 2018 – March 4, 2018 – Approximate Hours Recorded 40.5

    i. May 14, 2018 – May 20, 2018 – Approximate Hours Recorded 40.35

    j. May 21, 2018 – May 27, 2018 – Approximate Hours Recorded 41.17

31. Despite working over 40 hours on the above weeks and recording these hours on her timecard, Ms. McNay was only compensated by Beverly Hills Inn for working 40 hours.

32. Further, during the course of Ms. McNay's employment, Beverly Hills Inn often required Ms. McNay to work "off the clock," i.e. without recording the hours she worked into Beverly Hills Inn timekeeping system. Beverly Hills Inn as fully aware that Ms. McNay was working off the clock.

33. Ms. McNay worked more than 40 hours per week but was not permitted by Beverly Hills Inn to record all of her hours worked on numerous occasions, i.e., she was working off the clock, during at least the following pay periods:

    a. June 26, 2017 – July 2, 2017 – Approximately 40.78 hours worked.

    b. July 17, 2017 – July 23, 2017 – Approximately 44.47 hours worked.

    c. August 7, 2017 – August 13, 2017 – Approximately 51.75 hours worked.

    d. August 14, 2017 – August 20, 2017 – Approximately 50.05 hours worked.

    e. September 18, 2017 – September 24, 2017 – Approximately 45.53 hours worked.

    f. September 25, 2017 – October 1, 2017 – Approximately 51.58 hours worked.

    g. January 29, 2018 – February 4, 2018 – Approximately 42.28 hours worked.

    h. February 5, 2018 – February 11, 2018 – Approximately 43.49 hours worked.

    i. February 12, 2018 – February 18, 2018 – Approximately 44.81 hours worked.

    j. February 19, 2018 – February 25, 2018 – Approximately 45.47 hours worked.

k. March 5, 2018 – March 11, 2018 -- Approximately 48.62 hours worked.

l. March 12, 2018 – March 18, 2018 – Approximately 51.99 hours worked.

m. March 19, 2018 – March 25, 2018 – Approximately 40.33 hours worked.

34. Beverly Hills Inn promised Ms. McNay that the unrecorded time she worked was being calculated as compensatory time.

35. Using compensatory time in lieu of wages violates the FLSA.

36. Despite being told that she was earning compensatory time, Ms. McNay never received any compensation or time off for the hours she worked "off the clock."

37. Indeed, Defendant permitted Plaintiff to work more than 40 hours during at least the weeks noted above; however, Defendant failed to compensate Plaintiff at a rate of one and one-half times Ms. McNay's regular rate of pay for the hours she worked above 40 hours.

38. Accordingly, Beverly Hills Inn failed to provide Ms. McNay overtime compensation at a rate of one and one-half times her regular pay for all hours worked that exceeded 40 hours within a workweek in violation of 29 U.S.C. § 207.

39. Based on the facts noted above, Defendant willfully and recklessly violated the FLSA and Ms. McNay's rights.

40. As a result of Beverly Hills Inn's conduct, Ms. McNay has suffered economic damages in the form of unpaid overtime wages.

**THIRD CAUSE OF ACTION**
FAILURE TO PAY MINIMUM WAGES IN VIOLATION
OF THE OHIO CONSTITUTION, ARTICLE II, SECTION 34a.

41. Plaintiff Angela McNay reasserts all of the foregoing allegations as if fully rewritten herein and further alleges as follows.

42. Ms. McNay was at all relevant times an "employee" as defined by the Ohio Constitution, Article II, Section 34a.

43. Beverly Hills Inn is and was at all relevant times an "employer" as defined by the Ohio Constitution, Article II, Section 34a.

44. During the course of Ms. McNay's employment, Beverly Hills Inn required Ms. McNay to work "off the clock," i.e. without recording the hours she worked into Beverly Hills Inn timekeeping system.

45. Beverly Hills Inn promised Ms. McNay that the unrecorded time she worked was being calculated as compensatory time.

46. Using compensatory time in lieu of wages violates Ohio law.

47. Despite being told that she was earning compensatory time, Ms. McNay never received any compensation or time off for the hours she worked "off the clock."

48. By not appropriately documenting and compensating Ms. McNay for the actual hours she worked, Beverly Hills Inn paid Ms. McNay less than Ohio's minimum wage, violating the Ohio Constitution, Article II, Section 34a.

49. Based on the facts noted above, Defendant willfully and recklessly violated Ohio law and Ms. McNay's rights.

50. As a result of Beverly Hills Inn's conduct, Ms. McNay has suffered economic damages in the form of unpaid wages.

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF O.R.C. §§ 4111.03, 4111.10

51. Plaintiff Angela McNay reasserts all of the foregoing allegations as if fully rewritten herein and further alleges as follows.

52. Ms. McNay was at all relevant times an "employee" as defined by the Ohio Constitution, Article II, Section 34a.

53. Beverly Hills Inn is and was at all relevant times an "employer" as defined by the Ohio Constitution, Article II, Section 34a.

54. During the course of her employment for Beverly Hills Inn, Ms. McNay worked and recorded working more than 40 hours per week on multiple weeks, as set forth previously.

55. During the course of her employment for Beverly Hills Inn, Ms. McNay worked more than 40 hours per week but was not permitted by Beverly Hills Inn to record all of her hours worked on numerous occasions, as set forth previously.

56. Defendant permitted Plaintiff to work more than 40 hours on multiple occasions; however, Defendant failed to compensate Plaintiff at a rate of one and one-half times Ms. McNay's regular rate of pay for the hours she worked above 40 hours.

57. Accordingly, Beverly Hills Inn failed to provide Ms. McNay overtime compensation at a rate of one and one-half times her regular pay for all hours worked that exceeded 40 hours within a workweek in violation of O.R.C. §§ 4111.03 and 4111.10.

58. Based on the facts noted above, Defendant willfully and recklessly violated Ohio law and Ms. McNay's rights.

59. As a result of Beverly Hills Inn's conduct, Ms. McNay has suffered economic damages in the form of unpaid overtime wages.

**FIFTH CAUSE OF ACTION**
FAILURE TO PAY WAGES TIMELY IN VIOLATION
OF OHIO'S PROMPT PAY ACT, O.R.C. § 4113.15

60. Plaintiff Angela McNay reasserts all of the foregoing allegations as if fully rewritten herein and further alleges as follows.

61. Ms. McNay was an employee for Beverly Hills Inn.

62. Beverly Hills Inn is and was, at all relevant times, an "association" doing business in Ohio within the meaning of O.R.C. § 4113.15.

63. Ms. McNay and Beverly Hills Inn agreed upon an hourly rate of compensation.

64. As previously discussed, Beverly Hills Inn failed to appropriately compensate Ms. McNay for the time that she worked.

65. Accordingly, Beverly Hills Inn violated O.R.C. § 4113.15 by failing to pay Ms. McNay on or before the first day of each month for all wages and benefits earned during the first half of the preceding month ending with the fifteenth day thereof, and (2) on or before the fifteenth day of each month for all wages and benefits earned during the last half of the preceding month.

66. Based on the facts above, Beverly Hills Inn willfully or recklessly violated Ohio law and Ms. McNay's rights.

67. As a result of Beverly Hills Inn's conduct, Ms. McNay has suffered economic damages in the form of unpaid regular and overtime wages.

## SIXTH CAUSE OF ACTION
### BREACH OF CONTRACT

68. Plaintiff Angela McNay reasserts all of the foregoing allegations as if fully rewritten herein and further alleges as follows.

69. Angela McNay and Beverly Hills Inn entered into an oral contract whereby Beverly Hills Inn promised to pay Angela McNay an hourly wage in exchange for Ms. McNay's work for Beverly Hills Inn.

70. In accordance with such agreement, Ms. McNay provided work and services for Beverly Hills Inn.

71. Beverly Hills Inn, however, failed to pay Ms. McNay for all of the hours that she worked.

72. Therefore, Beverly Hills Inn is in breach of its oral contract to Ms. McNay.

73. As a result of Beverly Hills Inn's breach, Ms. McNay has suffered damages in the form of unpaid contractual wages.

## SEVENTH CAUSE OF ACTION
### UNJUST ENRICHMENT

74. Plaintiff Angela McNay reasserts all of the foregoing allegations as if fully rewritten herein and further alleges as follows.

75. Ms. McNay conferred benefits upon Beverly Hills Inn by working for Beverly Hills Inn.

76. Specifically, Ms. McNay, among other things, checked Beverly Hills Inn guests in and out and occasionally performed housekeeping duties, all of which benefitted Beverly Hills Inn.

77. Beverly Hills Inn promised to compensate Ms. McNay for her work with hourly wages.

78. Beverly Hills Inn was aware of the benefits that Ms. McNay conferred; however, Beverly Hills Inn failed to compensate Ms. McNay for all the hours that she worked.

79. Therefore Ms. McNay suffered damages in the form of unpaid wages as a result of Beverly Hills Inn's conduct.

80. It would be unjust to allow Beverly Hills Inn to retain the benefits that Ms. McNay conferred without being compensated.

81. Accordingly, Beverly Hills Inn has been unjustly enriched and Ms. McNay is entitled to payment of her hourly wages for the hours she worked.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests this Court grant the following relief against Defendant, which is in excess of $25,000:

1. All monetary relief available as a result of Beverly Hills Inn's FLSA violations;

2. All monetary relief available as a result of Beverly Hills Inn's violations of Ohio law;

3. Attorneys' fees, expenses, and costs in this action; and,

4. Such further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Melanie S. Bailey*

Melanie S. Bailey (0075821)
David C. Harman (0087882)
**BURG SIMPSON**
**ELDREDGE HERSH JARDINE P.C.**
312 Walnut St., Suite 2090
Cincinnati, OH 45202
(513) 852-5600
(513) 852-5611 (facsimile)
mbailey@burgsimpson.com
dharman@burgsimpson.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

_____
Melanie S. Bailey